### NOLLEY VS. ROGERS.

The averments of a bill of complaint should be definite and precise, and the whole case disclosed—it should not be left to responses to interrogatories propounded by the answer to exhibit the specific character of the complainant's claim to relief.

A claim of set-off, to be valid in equity, must partake of or relate to the particular claim sought to be enforced by the bill.

When a deed of trust has been executed to indemnify a party against a specific liability, the amount of the indemnity designed to be thus secured cannot be reduced by proof of other and distinct claims against the cestui que trust.

*Appeal from Union Circuit Court in Chancery.*

Hon. LEN B. GREEN, Circuit Judge.

CARLETON, for appellant.

In a bill for the specific performance of a contract, the party complaining must aver a performance of the conditions precedent upon his part, or a legal excuse for non-performance. 6 *Eng.* 734; 3 *Ark.* 252, 334; 4 *John. C. R.* 559; 1 *Ib.* 360; 9 *Mass.* 78; 2 *Pick.* 267; 4 *Pick.* 101; 12 *John. Rep.* 165; 13 *Ib.* 94; 19 *Ib.* 337.

S. H. HEMPSTEAD, for the appellee.

Mr. Justice FAIRCHILD, delivered the opinion of the Court.

The plaintiff did not unfold his case in the bill, by statement of the exact consideration of the trust deed; of the amount due under it; of the way in which the debts he was seeking to have paid to him, or to be indemnified against, accrued: of what had been done under the trust deed, or with the trust property, so as to assure for himself the favorable consideration of a court of

equity. It should not have been, that a party, seeking a benefit under a deed of trust, should first disclose the actual consideration of the deed, and what had been transacted with relation to the trust property, in an answer to interrogatories propounded in the answer; but the bill ought to have shown fully and fairly, all these facts, manifesting a case that should show the practicability, the right, and the necessity of equitable interposition for his relief. Besides the good faith that should be apparent in the exhibition of an equitable demand, especially in one asking the assistance of a court to enforce a trust, the interest of a plaintiff requires him to make specific and certain charges of the grounds of his action, which must include a narrative of his rights and of their violation, or of the damages to which they are exposed. And he can have no decree but what is founded upon an allegation in his bill, and the allegation should be as certain and explicit as the decree; although the decree may not, for want of evidence, or legal authority, be comformable to the allegation.

In this case, the bill is indefinite in stating that the plaintiff became liable to pay divers large debts for Nolley, was his security, and had paid some security debts for him, when the facts should have been stated with precision. A reference to the deed of trust might show the indebtedness of Nolley to the plaintiff, and the amounts and persons, for, and to whom, the plaintiff was liable on Nolley's account; but it does not show the amounts paid by the plaintiff for Nolley, and for which the trust deed became a security. Neither does the bill contain any averment more certain, than that the amount due to the plaintiff is not less, as he believes, than five hundred and fifty-eight 17-100 dollars; and that the amount of debts remaining due and unpaid, amount to "say near five hundred and sixty dollars." What debts these are is left to conjecture; for there is no explanation of them in the bill, and the answer to the cross-bill admits that the only debts for which the plaintiff was liable to others for Nolley, were a judgment of Galloway, for two hundred and eighty-five dollars, and two notes to Dennis, due the

first of January, 1852, for one hundred and twelve dollars, and for one hundred dollars.

Upon the necessity of distinct allegations in a bill, upon which to found a decree, see *Lacefield vs. Stell*, 21 *Ark.*; *Hoppes vs. Cheek*, 21 *Ark.*; *Carneal vs. Banks*, 10 *Wheat.* 189.

The facts of the case are few, and are, simply, that the plaintiff being liable for Nolley on the Galloway judgment and Dennis notes, Nolley, on the 18th of December, 1857, in Shelby county, Tennessee, executed a deed of trust to Magilbra Rogers, to secure the plaintiff against loss, in which were conveyed a a negro girl, Lucinda, about fifteen years old, eight town lots in Fort Pickering, a wagon and harness, household furniture, and stock of liquors in a retail grocery.

The deed of trust recited, besides these liabilities, that Nolley was indebted to the plaintiff in two notes, one for three hundred and sixty dollars, dated 15th December, 1851, and due the 25th December, 1852, and the other for two hundred and twenty five dollars, dated 18th December, 1851, and due 1st January, 1853. But it is admitted by the plaintiff in the answer to the cross-bill, that the first note was expected to be put into market, and by its sale or discount, to obtain money with which to pay the Galloway judgment: That this was done, the note being shaved and sold for three hundred dollars with which the judgment was satisfied, and the overplus paid by plaintiff to Nolley. And it was admitted that, in the same way, the two hundred and twenty-five dollar note was executed to obtain funds to meet the Dennis notes, but the plaintiff asserts that it was never used and that the note has been lost.

On the Dennis notes, which were afterwards transferred to Stout, judgment was obtained, and out of the property named in the trust deed, sixty-five dollars were made by execution. The deed of trust, then, stands as an indemnity to the plaintiff for the amount of Stout's judgment, lessened by the sum of sixty-five dollars, but cannot be enforced by a condemnation of the property till the plaintiff shows payment of the judgment. This is all for which the plaintiff can have any claim, on his plead-

ings, and whether he could so far, if the right were denied, we need not say.   But the Dennis notes are mentioned in the deed of trust, an exhibit to the bill; they are now in the Stout judgment, unpaid, except the sixty-five dollars made on execution, and plaintiff, as exposed to liability for the residue of the judgment, may, at a proper time, resort to the trust property for reimbursement.

The plaintiff should have an indemnity, in the trust deed, against any loss on account of the three hundred and sixty dollar note executed by Nolley to plaintiff, and which was sold for three hundred dollars, and used to pay the Galloway judgment. But there is no allegation that he endorsed the note, that he became, or is liable on account of it, that he has paid, or will be compelled to pay anything for endorsing or transferring the note.

Every thing else, that was brought into the case, was illegally considered; other dealings, liabilities and indebtedness than those mentioned in the trust deed, and than the one above specified, have no connection with the trust property, are not covered by the deed of trust.

In New York, Chancellor SANFORD held that when the object of a suit was to foreclose a mortgage, the suit was, in effect, against the land, and that set-off, arising from other dealings, could not be made.   *Troup vs. Haight, Hopk. R.* 270.

Although set-off is a distinct head of equity jurisdiction, it was not allowed to vary the condition of a mortgage lien.   So, here, if the plaintiff have other demands against Nolley, he may prosecute them at law, or wherever the appropriate remedy can be administered, but nothing but demands provided for in the trust deed, ought to be, or can be charges upon the trust property.   And the plaintiff expressly disavows, in his answer to the interrogatories appended to Nolley's answer, that in this suit, he claimed or hoped to be reimbursed for payments of money for Nolley, not connected with the trust relation.

The decree must be reversed, but to enable the plaintiff to show, if he can, that he has paid the amount appearing to be

unpaid of the Stout judgment; and that he has paid, or will be obliged to pay, money on the transfer of the three hundred and sixty dollar note, he must be permitted to file amended and additional pleadings, as he shall be advised, within such time as to the court below shall seem reasonable, and if he does not comply with such order, his bill must be dismissed without prejudice, the girl Lucinda, in the meantime, to remain where she now is, under the bond already given by Nolley, if sufficient, or otherwise to be under the direction of the Circuit Court of Union county, sitting in Chancery, to which this cause is sent back, to be proceeded in according to law.